UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TYRESE FIELDS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )  Case No. 4:23-CV-1198 RHH |
| | ) |
| COM. JENNIFER CLEMONS-ABDULLAH, et al., | ) |
| | ) |
| Defendants. | ) |

**<u>MEMORANDUM AND ORDER</u>**

This matter is before the Court on the motion of self-represented plaintiff Tyrese Fields for leave to commence this civil action without prepayment of the required filing fee. ECF No. 2. The Court has determined to grant the motion, and assess an initial partial filing fee of $0.25. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will give plaintiff the opportunity to file an amended complaint, and will deny, at this time, his motion seeking the appointment of counsel.

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court

each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of his motion for leave to proceed *in forma pauperis*, plaintiff filed a one-page "Resident Transaction Details" summary indicating his "spend balance" is $0.46. ECF No. 5 at 2. Plaintiff explains that a more detailed transaction history for the past six months "doesn't exist" because he has "been in the hole for the past 7 months and counting." *Id.* at 1. The Court will therefore assess an initial partial filing fee of $0.25, an amount that is reasonable based upon the information before the Court. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances.").

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded

facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even self-represented complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules in order to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff filed the instant action pursuant to 42 U.S.C. § 1983. ECF No. 1. At all times relevant to the allegations in his complaint, plaintiff appears to have been a pre-trial detainee housed at the St. Louis City Justice Center ("SLCJC"). Plaintiff names three employees of the SLCJC as defendants: (1) Commissioner Jennifer Clemons-Abdullah; (2) Deputy Commissioner Tammy Ross; and (3) Correctional Officer Lopher. *Id.* at 2-3. He sues all defendants in their official and individual capacities. *Id.*

Plaintiff alleges defendant Clemons-Abdullah "knowingly had [him] in the hole for 7 months for an inmate on inmate situation." *Id.* at 3. While in the hole, plaintiff claims he has been subjected to "inhumane conditions." *Id.* He complains he can only shower once per week and is provided recreation only once or twice per month, is unable to groom, unable to check his mail on a tablet, has been refused cleaning supplies, cannot see his family, and has been denied use of the

law library. *Id.* Plaintiff asserts defendant Clemons-Abdullah is violating "policies, civil rights, federal claims, and constitutional rights." *Id.*

Additionally, plaintiff alleges a riot took place on August 22, 2023 and his hands and feet were placed in zip ties. *Id.* While restrained, plaintiff states defendant Ross "walked up on [him] aggressively with mace" and "pushed [him] to the ground." *Id.* After doing so, a non-defendant officer told defendant Ross to "calm down and stop." *Id.*

On the following day, seemingly unrelated to the riot conditions from the day before, defendant Officer Lopher allegedly "sprayed [him] through the food port . . . then walked off and doubled back and sprayed [him] an additional 4 times with bear mace." *Id.* Plaintiff claims he was "covered in mace from [his] chin to [his] feet and [he] was left in the cell without getting medical attention" for an hour after the incident. *Id.* Once he received medical attention, he was provided with an eye rinse and a shower. *Id.* Plaintiff claims Officer Lopher's actions were "against policy." *Id.*

For relief, plaintiff seeks $1,000,000, asserting that defendants knew they were violating his "civil rights, constitutional rights, amendments, federal laws, and their policy." *Id.*

**Discussion**

Having thoroughly reviewed and liberally construed plaintiff's complaint, the Court concludes it is subject to dismissal. However, in consideration of plaintiff's self-represented status, the Court will allow him to submit an amended complaint.

**A.  Official Capacity Claims**

Plaintiff's official capacity claims against all defendants fail to state a claim and are legally frivolous. An official capacity suit is a "way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). In other words, an official capacity claim against an individual is actually a claim "against the governmental entity itself."

4

*White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). *See also Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) ("a "suit against a public employee in his or her official capacity is merely a suit against the public employer"); *Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018) (explaining that official capacity suit against sheriff and his deputy "must be treated as a suit against the County"); *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016) (a "plaintiff who sues public employees in their official, rather than individual, capacities sues only the public employer"); and *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) (a "suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent"). Thus, in order to prevail on an official capacity claim, the plaintiff must establish the governmental entity's liability for the alleged conduct. *Kelly*, 813 F.3d at 1075.

In this case, plaintiff alleges all three defendants are employed by the Jail. However, a jail has no independent legal existence and is *not* subject to suit under § 1983. *See Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (1992) (a department or subdivision of local government is not a "juridical," or suable, entity under 42 U.S.C. § 1983). *See also  Ballard v. Missouri*, Case No. 4:13-cv-528-JAR (E.D. Mo. Apr. 22, 2013) (holding that "[p]laintiff's claims against the City of St. Louis Department of Public Safety, the St. Louis County Justice Center, the St. Louis City Justice Center, and MSI/Workhouse are legally frivolous because these defendants are not suable entities").

Even if St. Louis City was substituted as the employer, plaintiff's official capacity claims would still be subject to dismissal. Unlike the Jail, a local governing body such as St. Louis City can be sued directly under 42 U.S.C. § 1983. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978). However, a local government does not answer "for the injuries inflicted solely by its employees or agents," and is not subject to *respondeat superior* liability. *Monell v. New York Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978); *see also Rogers v. King*, 885

5

F.3d 1118, 1122 (8th Cir. 2018). Rather, a local government is narrowly liable for its own unconstitutional misconduct—as perpetrated through its employees—that falls under one of three categories: (1) an official policy; (2) an unofficial custom; or (3) a failure to train, "which is an extension of the same" and serves to evidence an unconstitutional policy or custom. *Marsh v. Phelps County*, 902 F.3d 745, 751 (8th Cir. 2018). Accordingly, rather than implicate the doctrine of *respondeat superior*, an official capacity claim serves only to address the conduct of a particular official in furtherance of his or her employer's unconstitutional policy or custom. *See Miller*, 823 F.3d at 506. Thus, to sustain a claim against defendants in their official capacities, plaintiff "must prove that the [City of St. Louis] itself caused the constitutional violation at issue." *Marsh*, 902 F.3d at 751.

Here, plaintiff's complaint is devoid of any allegations that would state a claim of municipal liability. Plaintiff does not allege that St. Louis City itself maintains a specific policy or custom which caused the violation of plaintiff's constitutional rights. *See Ulrich v. Pope Cty.*, 715 F.3d 1054, 1061 (8th Cir. 2013) (affirming district court's dismissal of *Monell* claim where plaintiff "alleged no facts in his complaint that would demonstrate the existence of a policy or custom" that caused the alleged deprivation of plaintiff's rights). Rather, to the contrary, plaintiff appears to allege in both the Statement of Claim and Relief sections that constitutional SLCJC policies were in place, but defendants knowingly disregarded those policies by their actions. Such allegations are insufficient to assert official capacity claims.

### B. Individual Capacity Claims

Plaintiff alleges defendant Clemons-Abdullah knew he was in the hole for seven months. While in segregation, plaintiff asserts he was subject to various conditions he describes as "inhumane," such as limited shower and recreation time, lack of access to viewing his mail on a tablet, no family visits, and denial of cleaning supplies. Plaintiff does not, however, provide any

facts supporting that defendant Clemons-Abdullah knew about these alleged conditions, that she intentionally ignored them, or that she caused such conditions to occur. Plaintiff does not allege he wrote to defendant Clemons-Abdullah or personally spoke to her about any of his complaints.

"Liability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (to be cognizable under § 1983, a claim must allege that the defendant was personally involved in or directly responsible for the incidents that deprived the plaintiff of his constitutional rights). It is not enough for defendant Clemons-Abdullah to have supervisory authority over the detention center for the Court to construe her personal involvement in all of plaintiff's claims of alleged constitutional violations. *See Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) (noting that general responsibility for supervising operations of prison is insufficient to establish personal involvement required to support liability under § 1983). Because plaintiff does not provide any facts related to the personal involvement of defendant Clemons-Abdullah as to each allegation, the claims against her are subject to dismissal.

Furthermore, plaintiff's claims related to his conditions of confinement are inadequate as plead. Prisoners and detainees are entitled to the basic necessities of human life and to humane treatment. *Goff v. Menke*, 672 F.2d 702, 705 (8th Cir. 1982). Here, however, plaintiff does not identify what kind of cleaning products he sought or who he asked for supplies, why he was "unable to groom," or whether the one shower per week limitation was consistent for seven months or an occasional issue. *See Sumlin v. Chambers*, 2023 WL 2524942, at *5 (E.D. Mo. Mar. 15, 2023) (plaintiff's failure to describe the deprivation prevents the Court from the ability to determine whether a constitutional violation has occurred). A Fourteenth Amendment violation requires the long-term and repeated deprivation of the minimal civilized measure of life's necessities. *Myers v. Hundley*, 101 F.3d 542, 544 (8th Cir. 1996).

Similarly, plaintiff does not provide enough facts related to his lack of access to the law library claim. To state a claim premised upon denial of access to the courts, a plaintiff must demonstrate that he suffered an "actual injury." *Lewis v. Casey*, 518 U.S. 343, 351-52 (1996). The Eighth Circuit has recognized that, when bringing an access-to-courts claim, it is insufficient to merely allege a denial of access to a specific resource, even if the denial is systemic. *Sabers v. Delano*, 100 F.3d 82, 84 (8th Cir. 1996) (citing *Lewis*, 518 U.S. at 353 n.4). Instead, the plaintiff must plead (and ultimately prove) that the lack of the resource deprived him of some specific opportunity to defend himself or advance a viable legal claim in a criminal appeal, postconviction matter, or civil rights action. *Id.* Speculation that injuries might occur or could have occurred is insufficient. *Hartsfield v. Nichols*, 511 F.3d 826, 832 (8th Cir. 2008) ("Absent an articulation of how the alleged wrongful conduct actually blocked [the prisoner's] access to filing a complaint, or caused a filed complaint to be deficient, [the prisoner's] alleged injuries are merely speculative."). Here, plaintiff alleges no actual injury from a lack of sufficient access to the law library. He does not assert he was denied the opportunity to make any legal claim on his own behalf or that he was unable to respond to any court order in a timely manner.

Within the same complaint alleging claims against defendant Clemons-Abdullah, plaintiff also alleges excessive force claims against defendant Ross and defendant Lopher from separate incidents that occurred on August 22, 2023 and August 23, 2023, respectively. Naming multiple defendants concerning unrelated events is an impermissible pleading practice. Rule 20(a)(2) of the Federal Rules of Civil Procedure governs joinder of defendants, and provides:

> Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

Therefore, a plaintiff cannot join, in a single lawsuit, multiple unrelated claims against different defendants. For example, a claim that defendant Clemons-Abdullah subjected plaintiff to unconstitutional conditions of confinement over a seven month period is completely unrelated to plaintiff's allegations against defendants Ross and Lopher for excessive force. *See e.g.*, *Hockman v. Cooley*, 2022 WL 3108774, at *5 (E.D. Mo. Aug. 4, 2022) (a complaint alleging an incident of excessive force, while also including facts pertaining to unhygienic conditions of confinement, are violative of Rule 20(a)(2) because they do not arise out of the same transaction or occurrence).

Rule 18(a) of the Federal Rules of Civil Procedure governs joinder of claims, and provides:

> A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.

Therefore, multiple claims against a single defendant are valid.

Because plaintiff is a self-represented litigant, and because he has made serious allegations, the Court will not dismiss the complaint at this time. Instead, plaintiff will be given the opportunity to amend his pleadings according to the instructions set forth below. In preparing his amended complaint, plaintiff must follow these instructions. Failure to follow these instructions may result in the dismissal of his claims.

**Amendment Instructions**

Plaintiff is warned that the filing of an amended complaint completely replaces the original complaint so it must include all claims plaintiff wishes to bring. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect"). Plaintiff must type or neatly print the amended complaint on the Court-provided prisoner civil rights complaint form, which will be provided to him. *See* E.D. Mo. L.R. 45 – 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided

forms"). Plaintiff must not amend a complaint by filing separate documents. Instead, he must file a single, comprehensive pleading that sets forth his claims for relief.

In the "Caption" section of the complaint form, plaintiff must state the first and last name, to the extent he knows it, of each defendant he wishes to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). If there is not enough room in the caption, plaintiff may include additional sheets of paper. However, all the defendants must be clearly listed. Plaintiff should also indicate whether he intends to sue each defendant in his or her individual capacity, official capacity, or both. Plaintiff should avoid naming anyone as a defendant unless that person is directly related to his claim(s). Plaintiff should put his case number in the appropriate location on the upper right-hand section of the first page.

In the "Statement of Claim" section, plaintiff should begin by writing a defendant's name. In separate, numbered paragraphs under that name, plaintiff should: (1) set forth a short and plain statement of the factual allegations supporting his claim against that defendant; and (2) state what constitutional or federal statutory right(s) that defendant violated. Each averment must be simple, concise, and direct. *See* Fed. R. Civ. P. 8(a). If plaintiff is suing more than one defendant, he should proceed in the same manner with each one, separately writing each individual defendant's name and, under that name, in numbered paragraphs, the factual allegations supporting his claim or claims against that defendant. No introductory or conclusory paragraphs are necessary.

Plaintiff should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2). Alternatively, plaintiff may choose a single defendant, and set forth as many claims as he has against him or her. *See* Fed. R. Civ. P. 18(a).

Plaintiff's failure to make specific factual allegations against any defendant will result in that defendant's dismissal. Plaintiff must allege facts connecting each defendant to the challenged

10

action. *See Martin*, 780 F.2d at 1338 (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits); *Keeper*, 130 F.3d at 1314 (noting that general responsibility for supervising operations of prison is insufficient to establish personal involvement required to support liability under § 1983). "A federal complaint must contain the 'who, what, when and where' of what happened, and each defendant must be linked to a particular action." *Drummer v. Corizon Corr. Health Care*, 2016 WL 3971399, at *1 (E.D. Mo. July 25, 2016); *see e.g., Miles v. Corizon Healthcare*, 2019 WL 2085998, at *4 (E.D. Mo. May 13, 2019) (a general refusal to treat allegation, without any additional information, is nothing more than a conclusory statement and cannot suffice to state a cause of action under the Eighth Amendment).

Plaintiff must also be careful to fill out the Court-provided complaint form in its entirety, including the "Injuries" section. There is no constitutional violation where an inmate cannot show he suffered an injury or adverse health consequence. *See Seltzer-Bey v. Delo*, 66 F.3d 961, 964 (8th Cir. 1995). "Claims under the Eighth Amendment require a compensable injury to be greater than *de minimis*." *Irving v. Dormire*, 519 F.3d 441, 448 (8th Cir. 2008). "While a serious injury is not necessary, some actual injury is required in order to state an Eighth Amendment violation." *White v. Holmes*, 21 F.3d 277, 281 (8th Cir. 1994).

After receiving the amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915. If plaintiff fails to file an amended complaint on a Court-provided form within thirty (30) days in accordance with the instructions set forth herein, the Court may dismiss this action without prejudice and without further notice to plaintiff.

**Motion for Appointment of Counsel**

Plaintiff has filed a motion to appoint counsel. ECF No. 3. In civil cases, a self-represented litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). *See also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case"). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. Plaintiff has yet to file a complaint that survives initial review, so it cannot be said that he has presented non-frivolous claims. Additionally, this case appears to involve straightforward factual and legal issues, and there is no indication that plaintiff cannot investigate the facts and present his claims to the Court. The Court will entertain future motions for appointment of counsel as the case progresses, if appropriate.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial filing fee of $0.25 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to

"Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to plaintiff two blank Prisoner Civil Rights Complaint forms. Plaintiff may request additional forms as needed.

**IT IS FURTHER ORDERED** that plaintiff shall file an amended complaint on the Court-provided form in accordance with the instructions stated above within **thirty (30) days** of the date of this Order. Plaintiff is advised that his amended complaint will take the place of his original filing and will be the only pleading that this Court will review.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 3] is **DENIED** at this time without prejudice.

**IT IS FINALLY ORDERED** that if plaintiff fails to comply with this Order, the Court will dismiss this action without prejudice and without further notice.

Dated this 2nd day of November, 2023.

RODNEY H. HOLMES
UNITED STATES MAGISTRATE JUDGE